```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
KATHLEEN M. URBAN TEHOKE,

                Plaintiff,          06-CV-6671T

        v.                              **DECISION**
                                                             **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                Defendant.
_____

## INTRODUCTION

Plaintiff Kathleen M. Urban Tehoke ("Tehoke") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security improperly denied her application for disability benefits.[1] Specifically, Tehoke alleges that the decision of an Administrative Law Judge ("ALJ") denying her application for benefits was erroneous because it was not supported by substantial evidence in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Tehoke opposes the defendant's motion, and cross-moves for judgment on the pleadings. For the reasons set forth below, I hereby deny defendant's motion for judgement on the pleadings, grant plaintiff's motion for judgement on the pleadings, and remand

---

[1] This case (formerly civil case 04-CV-0447A) was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated December 27, 2006.

this claim to the Commissioner for further proceedings consistent with this decision.

## BACKGROUND

On August 31, 2001, plaintiff Kathleen Urban Tehoke, at the time a 42 year old former cashier, customer service representative, bookkeeper, and retail store manager, applied for Social Security disability benefits, claiming that she had become unable to work as of July 14, 2000 because of a ruptured disc, lower back pain, a slipped disc in her cervical spine, degenerative bone disease, headaches, and numbness in her hands, feet, and arms. Tehoke's application was initially denied and, because this was a disability prototype case, the reconsideration phase was bypassed.[2] Thereafter, Tehoke requested an administrative hearing before an Administrative Law Judge which took place on April 2, 2003. Plaintiff was represented by counsel at the hearing. A vocational expert was also present and testified.

In a decision dated June 19, 2003, the ALJ found that although Tehoke's impairments were severe, she was not disabled within the meaning of the Act and thus not entitled to receive Social Security benefits. Tehoke's appeal of the ALJ's decision to the Social Security Appeals Board was denied on April 21, 2004, and on June 15, 2004 plaintiff filed this action.

---

[2] Plaintiff's application was filed at a time when parts of New York State had implemented the use of disability prototype cases. The purpose of disability prototype cases was to put more emphasis on the initial application phase and bypass the reconsideration phase so claimants could more quickly reach the hearing state and receive their benefits sooner.

DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) this limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the

contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

II. <u>The ALJ failed to credit the conclusions of plaintiff's treating physicians in regard to her ability to work and also failed to identify what weight he afforded these opinions.</u>

The medical record submitted by plaintiff's treating physicians contains considerable evidence indicating that plaintiff is unable to work. The ALJ, however, committed error by failing to even mention the opinions of plaintiff's treating physicians in regard to her ability to work or to identify what weight he afforded these opinions. Pursuant to the Social Security Regulations:

> Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining source who do not work for us.

20 C.F.R. 404.1527(f)(2)(ii).

In his decision, the ALJ noted medical records from Dr. Andrew Cappuccino, plaintiff's orthopedic surgeon, as well as from the Buffalo Medical Group, the group in which Dr. Gregory Bennett, plaintiff's treating neurologist, is a member, but did not mention Dr. Bennett by name. He also did not discuss or even mention the

conclusions of these treating physicians in regard to plaintiff's ability to work, nor did he discuss the weight he afforded their opinions. The ALJ limited his observation to that portion of the records from the Buffalo Medical Group which mention that "[plaintiff] complained of various aches and pains but showed improvement with physical therapy. The claimant also experienced relief after steroid injections. MRIs of the cervical spine and shoulder were completely normal." (Transcript of Administrative Proceedings at page 14) (hereinafter "T.").

From the record submitted by Dr Cappuccino, the ALJ mentioned only that plaintiff has "loss of range of motion in the cervical spine with tenderness. The claimant complained of facial numbness; however, no evidence of focal motor weakness or sensory dysesthesia was found. There was some tenderness in the lumbar spine and weakness in both lower extremities. Her reflexes were intact." (T. 14). The ALJ also mentioned "right sided and central disc injury in the cervical spine at C4-5, left sided injury at C5-6 and C6-7 and disc collapse and protrusion in the lumbar spine at L3-4. The claimant had a persistence of pain in the neck and shoulders with radiation to the arm with neurological weakness." (T. 14).

The ALJ, without explanation, makes no mention of the conclusions reached by Dr. Bennett and Dr. Cappuccino with regard to plaintiff's inability to work. A report from Dr. Bennett, dated April 18, 2001, states that "she remains unable to work at this time secondary to her severe pain, as well as her other symptoms" (T. 209-10). Dr. Bennett's most recent report, dated October 4,

2001, also states that "she is unable to work in any capacity" (T. 145-46). On March 18, 2002, Dr. Cappuccino reported that plaintiff is "completely and totally disabled until such time as studies [updated lumbar and cervical spine MRIs as well as a bone scan] can be procured and reviewed" (T. 202-03). Dr. Cappuccino reiterated the same opinion of plaintiff's disability on June 21, 2002 (T. 201). The most recent report in the record is from Dr. Cappuccino and is dated March 25, 2003, after updated MRIs of the cervical and lumbar spine and a bone scan had been obtained (T. 206-07). Dr. Cappuccino reported that "she is completely and totally disabled on a permanent basis" (T. 206).

The ALJ is required to give the opinions of the claimant's treating physicians controlling weight if the opinions are well-supported by the medical evidence in the record as a whole and are not inconsistent with substantial evidence in the record as a whole. 20 C.F.R. § 404.1527(d)(2). Furthermore, the ALJ must give good reasons in his decision as to the weight afforded the treating physicians' opinions. Id. See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999).

Here, the ALJ failed to recognize the opinions of plaintiff's treating physicians in regard to her ability to work and did he explain what weight he afforded these opinions. Upon remand, the AlJ shall acknowledge and consider the opinions of Dr. Bennett and Dr. Cappuccino regarding plaintiff's inability to work in his decision and shall explain the weight, if any, afforded these opinions.

CONCLUSION

For the reasons set forth above, I grant plaintiff's motion for judgment on the pleadings insofar as the case is remanded to the Commissioner for an <u>expedited</u> hearing for the purpose of considering the medical evidence submitted by plaintiff's treating physicians in regard to her ability to work in accordance with 20 C.F.R. 404.1527(f)(2(ii). In rendering a decision, the ALJ shall also identify the weight afforded the various medical opinions on which the parties rely. Defendant's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 24, 2007